**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Tomas M.G., | Civil No. 26-1151 (DWF/ECW) |
| Petitioner, | |
| v. | |
| Todd M. Lyons, *Acting Director, U.S. Immigration and Customs Enforcement*; David Easterwood, *Acting Director Saint Paul Field Office Director, U.S. Immigration and Customs Enforcement, St. Paul Field Office*; Kristi Noem, *U.S. Department of Homeland Security*; Joel Brott, *Sheriff of Sherburne County*; and Pamela Bondi, *Attorney General of the United States*, | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | |

**INTRODUCTION**

This matter is before the Court on Petitioner Tomas M.G.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

**BACKGROUND**

Petitioner is a citizen of Mexico and resident of Minnesota. (Doc. No. 1 ¶¶ 12, 18.) Petitioner lives in Minnesota with his wife and stepson, both U.S. citizens. (*Id.* ¶ 18; Doc. No. 5 at 2.) He entered the United States without inspection in 2021. (Doc.

No. 1 ¶ 20.)  Petitioner and his wife were preparing to file a marriage petition at the time of his detention.  (*Id.* ¶ 21.)  On December 31, 2025, Petitioner was arrested by immigration authorities in Minneapolis, Minnesota while he and his wife were driving their son to Children's Hospital for surgery.  (*Id.* ¶ 22.)  He was initially detained at the Whipple Federal Building at Fort Snelling in Minnesota, then transferred to the Sherburne County Jail.  (*Id.*)

It seems that removal proceedings have been initiated against Petitioner, although his counsel has not been provided a Notice to Appear or any other formal notice as to any charges.  (*Id.* ¶¶ 23-24.)  Respondents did not supply any additional information about removal proceedings in their response.  (*See* Doc. No. 4.)[1]

Petitioner filed the Petition on February 6, 2026.  (Doc. No. 1 at 15.)  He asserts that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (*Id.* ¶¶ 32-41.)  Petitioner asks the Court, among other things, to order his immediate release or, alternatively, to order a bond hearing under 8 U.S.C. § 1226.  (*Id.* at 14-15.)  Respondents timely filed a form response.  (Doc. No. 4.)

---

[1]  Petitioner supposedly had a bond hearing on February 10, 2026, in front of an immigration judge at Fort Snelling.  (Doc. No. 1 ¶ 25.)  Neither party informed the Court of the result of that hearing.  Nevertheless, the result of that hearing is irrelevant because the Court finds below that Petitioner's detention is unlawful.

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 4.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for approximately five years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)

3

(noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.    The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

   a. In Minnesota;

   b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

   c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

   d. Without any tracking devices; and

   e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 11, 2026           s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge